**Krasniqi BEQIR, Petitioner–Appellant,**

v.

**A. Neil CLARK, ICE Director; John Tsoukaris, HQ Podu, Respondents–Appellees.**

No. 06–35590.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2006.*

Filed Jan. 25, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

470

Krasniqi Beqir, Tacoma, WA, pro se.

Priscilla T. Chan, Office of the U.S. Attorney, Seattle, WA, for Respondents–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Beqir Krasniqi, a native of the former Yugoslavia and a citizen of the Kosovo region of Serbia–Montenegro, appeals pro se the dismissal of his 28 U.S.C. § 2241 habeas corpus petition, challenging his continued detention by the Bureau of Immigration and Customs Enforcement (BICE).[1] We have jurisdiction under 28 U.S.C. § 1291 and, after de novo review, we affirm.

### A. *Detention*

In a separate appeal, *Krasniqi v. Gonzales*, —— Fed.Appx. —— (9th Cir.2007) Krasniqi petitioned for judicial review of his administratively final removal order and this court stayed his removal pending

review. Thus, Krasniqi's detention is pursuant to 8 U.S.C. § 1226(a), which provides:

**Arrest, detention, and release**

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.... [T]he Attorney General-

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole ...

8 U.S.C. § 1226(a).

Thus, in the case of non-criminal aliens subject to removal proceedings, the Attorney General retains discretion to decide whether they should be detained, released on bond, or released on conditional parole. *See* 8 U.S.C. § 1226(a). The issue raised by Krasniqi's petition is whether his continued detention is constitutionally permissible.

The Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent. *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) (authorizing potentially permanent or indefinite detention of aliens subject to a final removal order beyond 90 days only as long as is reasonably necessary to secure removal). In *United States v. Salerno*, the Supreme Court explained:

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. BICE is the unit of the Department of Homeland Security which now handles the

former Immigration and Naturalization Services' enforcement functions. *Clark v. Martinez*, 543 U.S. 371, 374 n. 1, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005).

[T]he Due Process Clause protects individuals against two types of government action. So-called "substantive due process" prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as "procedural" due process.

United States v. Salerno, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (citations omitted).

■ "Detention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 538 U.S. 510, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) (mandatory detention of criminal aliens during removal proceedings under 8 U.S.C. § 1226(c) is constitutionally valid even where there has been no individualized finding that the alien is unlikely to appear for his deportation hearing). The Court in Kim distinguished between the valid detention there, and that at issue in Zadvydas, noting that in Zadvydas "removal was no longer practically attainable" and that "the period of detention at issue in Zadvydas was 'indefinite' and 'potentially permanent.'" Id. at 527–28, 123 S.Ct. 1708. Krasniqi has made no showing that his removal is not practically attainable. While his detention has been lengthy, its length is attributable to the administrative and judicial processes. Moreover, his detention has a definite termination point. Upon completion of judicial review of his petition, our stay of the removal order will be lifted. Thus, Krasniqi's detention meets substantive due process requirements. See Ma v. Ashcroft, 257 F.3d 1095, 1099 (9th Cir.2001) ("alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").

■ Moreover, Krasniqi's detention has been implemented in a procedurally fair manner. Following his arrest, Krasniqi had an individualized bond determination. Subsequently, his custody status has been individually reviewed. The BICE determination that he was a flight risk and should be detained is supported by substantial evidence. See Lema v. INS, 341 F.3d 853, 855 (9th Cir.2003). Thus, his detention does not violate procedural due process requirements. See Kim, 538 U.S. at 527–28, 123 S.Ct. 1708.

B. BICE Use of Information Obtained by Anchorage Police

■ Krasniqi argues that his arrest by Anchorage police was illegal and that, as a consequence, his detention by BICE following the arrest violates his constitutional rights. "The Ninth Circuit has consistently held that evidence concerning the identity of a defendant, obtained after an illegal police action, is not suppressible...." United States v. Garcia–Beltran, 443 F.3d 1126, 1132 (9th Cir.2006). Thus, even if Krasniqi's arrest were illegal, BICE detention based on his identification does not violate his constitutional rights.

C. EAJA

Krasniqi is not entitled to recovery of fees and costs under the Equal Access to Justice Act, because he is not a prevailing party. 28 U.S.C. § 2412(d)(1)(A).

**AFFIRMED.**